UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN DIANNE CHAMBERS,

        Plaintiff,

                                              Case Number: 09-11562

v.

CITY OF DETROIT, a Michigan Municipal       Paul D. Borman
corporation; DETROIT CITY COUNCIL,          United States District Judge
a Michigan Municipal corporation;
COUNCILWOMAN MARTHA REEVES,
individually and in her official capacity; and
THOMAS STEPHENS, an individual; jointly
and severally,

        Defendants.

_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF FRONT PAY DAMAGES AFTER DECEMBER 31, 2009 AS SPECULATIVE

This matter is before the Court on Defendants' Motion *in Limine* to Exclude Evidence of Front Pay Damages After December 31, 2009 as Speculative. (Dkt. No. 58.) Plaintiff filed a response (Dkt. No. 61) and Defendant filed a reply (Dkt. No. 62). The Court held a hearing on September 12, 2011. For the reasons stated on the record at the hearing on this matter, and for the reasons stated below, the Court GRANTS Defendants' motion.

I.     BACKGROUND

Defendants seek to exclude any evidence at trial of front pay damages after December 31, 2009, the date on which Defendant Reeves' term of appointment to the Detroit City Council ended when she was not reelected. Defendants argue that Plaintiff was appointed by Reeves and that

1

Plaintiff's employment necessarily would have terminated on December 31, 2009. Plaintiff responds that (1) had Plaintiff not been unlawfully constructively discharged, Reeves would have won reelection and Plaintiff's employment would have continued or (2) notwithstanding Reeves' failure to win reelection, Plaintiff would have continued in her employment with the City of Detroit and/or the Detroit City Council.

## II.   LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions *in limine* -in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III.   ANALYSIS

Defendants argue in their motion *in limine* that the position which Plaintiff held ceased to exist on December 31, 2009 when Defendant Reeves was not reelected to office. Defendants argue that any award of front pay damages beyond that date would be entirely speculative and inappropriate because there is no credible evidence that Plaintiff's employment would have continued beyond December 31, 2009.

Plaintiff responds that although Reeves was not reelected, "a jury could conclude that Plaintiff would have remained employed, either in Ms. Reeves' office, that of another Council person or with the City of Detroit, but for Reeves' actions in maligning and constructively

2

discharging Plaintiff." (Dkt. No. 61, Pl.'s Resp. to Mot. In Limine 6.) Plaintiff speculates that had she not been constructively discharged, Councilwoman Reeves would have been reelected for another term, creating an ongoing opportunity for Plaintiff's continued employment. Alternatively, Plaintiff argues that notwithstanding the fact that Reeves was not reelected, but for the constructive discharge and maligning of her character by Reeves, Plaintiff would have had the opportunity for continued employment with the Defendants in some other position.

Generally, in awarding front pay damages, relevant factors include: (1) the employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her mitigation efforts; (4) the availability of comparable employment and efforts made to seek alternative employment; (5) discount tables as to present value; and (6) other pertinent factors. The trial court has broad discretion in determining when to permit an award of front pay damages. *Suggs v. ServiceMaster Educ. Food Mgt.*, 72 F.3d 1228, 1234 (6th Cir. 1996).

The Court concludes that in this case, Plaintiff had no future in the position from which she was terminated beyond December 31, 2009. Significantly, the evidence is undisputed that Plaintiff made no effort to seek other positions with the City of Detroit or the Detroit City Council.

Contrary to her argument in response to the instant motion, Plaintiff expressly admitted in her deposition that the future wages she is claiming in this case derive from her expectation that she would have continued her employment with Defendant Reeves, not with the City of Detroit generally:

> Q: So what wages are you alleging - have you done a calculation as to what you believe you would have been entitled to, had you not resigned from Martha Reeve's office, if you know?
>
> A: If I hadn't resigned?

Q: Yeah.

A: Well, I would have had the wages at $50,000 a year until she was out of office, but I have no doubt she would have still been in office if I was still there, and if Bill was still there.

Q: Okay.

A: So we would have still had a job. I wouldn't have –

Q: Go ahead. Go ahead.

A: I wouldn't have collected my Social Security so early, so I would have had full benefits at retirement. I wouldn't have collected my pension from the City so early, and I would have had a larger pension at retirement.

Q: Okay. So but that is assuming, of course, that Ms. Reeves didn't cancel your appointment.

A: That is assuming I was still there, yes.

Q: And she could have cancelled you appointment, as you indicated in your testimony, at any time.

A: She could have, or she could have not hired me at all. It's up to her.

(Defs.' Mot. Ex. 1, Deposition of Carolyn Chambers, April 15, 2010, 163:24-164:24.)

It is clear from this testimony that Plaintiff anticipated that her employment would end when Reeves left office. Although she suggests that the terminating event - Reeves losing her office - may have been forestalled had Plaintiff not been constructively discharged, she never suggests in her deposition that her employment would have continued even after Reeves' term ended. "I would have had the wages at $50,000 a year until she was out office." *Id.* 164:5-6. As this Court noted in its Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Defendant Reeves, not the City Council or the City of Detroit, had the sole power to hire and fire Plaintiff: "Although Plaintiff charges both Reeves and Stephens with interfering with her

4

relationship with the City of Detroit (Compl. ¶¶ 108-13), the record shows that the relationship she had was really with Reeves. Plaintiff was an appointee on Reeves's staff. Although technically she also had a business relationship with the City, Reeves always retained ultimate decision-making authority with respect to her appointees. (Chambers Dep. 12-16.)." (Dkt. No. 53, March 30, 2011 Opinion and Order, 30.)

Notwithstanding this statement in her deposition, Plaintiff argues in response to Defendants' motion *in limine* that she should be awarded front pay damages beyond the date that Reeves was not reelected based on her expectation of employment not only with Reeves but also with the City of Detroit and/or the Detroit City Council. It is undisputed that Plaintiff never appealed Reeves' decision to decrease her pay and never attempted to seek employment with the City of Detroit or the Detroit City Council after she left her employment with Reeves. Although Plaintiff claims that she felt it was inappropriate to seek work with the City of Detroit when she was suing them, Plaintiff left Reeves' office in March, 2007 and did not file this lawsuit until April, 2009. The Court concludes that any award of front pay damages beyond the date on which Reeves was not reelected to office would be purely speculative in nature and would constitute a windfall to Plaintiff.

In *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152, 158-59 (6th Cir. 1988), the Sixth Circuit found no abuse of discretion in the trial court's denial of an award of front pay damages for future earnings where the evidence indicated that even if the plaintiff had been wrongfully terminated, he would have been terminated for a non-discriminatory reason ten months later when the office where he worked was permanently closed. In this case, Plaintiff has conceded in her deposition that her position with Reeves would have terminated when Reeves left office. Reeves left office on December 31, 2009. Plaintiff's supposition that had she not been forced to resign,

Reeves would have been reelected, and Plaintiff would have continued in her employ, is far too speculative a basis to support a request for front pay damages beyond December 31, 2009. Nor has Plaintiff presented any evidence that she attempted to obtain employment with the City of Detroit or the Detroit City Council but was rejected. Nor has Plaintiff presented sufficient evidence to enable a reasonable juror to conclude that any such overtures would surely have been rebuffed. This also is pure speculation on Plaintiff's part. Plaintiff has not presented sufficient evidence that would permit a reasonable juror to conclude that Plaintiff would have remained employed either with Councilwoman Reeves or with the City of Detroit or the Detroit City Council beyond December 31, 2009 when Reeves was not re-elected to office.

## IV.   CONCLUSION

For the foregoing reasons, and for the reasons stated on the record at the September 12, 2011 hearing on this matter, the Court GRANTS Defendants' Motion to Exclude Evidence of Front Pay Damages Beyond December 31, 2009 as Speculative. (Dkt. No. 58.)

IT IS SO ORDERED.

Dated: 9-15-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE